UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | NO. AU: 11-CR-00507(1)SS |
| | § | |
| MICHAEL PAUL McCARTY | § | |

### DEFENDANT'S MOTION TO CONTINUE SENTENCING HEARING

COMES NOW THE DEFENDANT, MICHAEL PAUL McCARTY, by and through his attorney of record, John Nathan Stark, and would respectfully request this honorable court to continue the Court's setting for sentencing in this case. The Defendant's case is presently set for sentencing November 18, 2011 at 9:00 o'clock.A.M. Pursuant to Rule 12 of the Federal Code of Criminal Procedure the Defendant would further request that this motion and the order thereon be placed under seal in the interest of justice.

As grounds for this motion the Defendant would show as follows:

I

Defendant entered his plea of guilty to a one count information alleging the Possession of Child Pornography, 18 U.S.C. § 2252(a)(4)(B) on September 23, 2011 before Hon. Robert Pitman. The Defendant reported as directed to the adult probation office to complete the information required by Adult Probation for them to prepare the Court's Pre-Sentence Investigation Report. Counsel for Defendant has gathered numerous letters of recommendation regarding this Defendant and would wish to file a Sentencing Memorandum for the Court's review after reviewing the Adult probation report and responding with any objections or corrections. The Court ordered this case be set for sentencing on September 29, 2011, however, the Probation Office has not yet provided the proposed Pre-Sentence Report to Counsel for Defendant. Although Defendant executed a Waiver of Rule 32 time limits on September 23, 2011, Defendant would request additional time to prepare a Sentencing Memorandum after being able to review the proposed Pre-Sentence Report.

II.

Defendant recognizes that his conviction in this case will result in his incarceration. With that knowledge, Defendant has entered into negotiations for the sale of his dental practice and the real estate where his business has been carried out. This sale has been contemplated in order to provide for the care of his wife and the employment of his long-time employees. A copy of the Letter of Intent regarding the proposed sale, which is scheduled for December 1, 2011, is attached to this Motion and made a part of it for all purposes.

III.

Defendant has never before been arrested for any offence. He is married, owns his home and has participated in both in patient sex offender treatment and continued in daily sex offender therapy in the community. Defendant is aware that should the Court follow the plea agreement, the plea bargain requires him to serve Sixty months (60) in the Federal Bureau of Prisons followed by a five year term of supervised release. The Defendant further understands that he will be required to register as sex offender and that he must permanently surrender his Dental License as a special condition of his sentence. The Defendant is not danger to the community and will report to his designated facility as instructed. Defendant is presently free on bond, is being supervised by Pre-Trial Supervision Office, is gainfully employed, and has complied with all the requirements of his supervised release.

WHEREFORE, PREMISES CONSIDERED, Defendant would request this Honorable Court enter its order rescheduling of this case for sentencing for one month. This Motion for Continuance is not made for the purpose of delay but in the interests of justice.

Respectfully submitted,

*[signature]*

JOHN NATHAN STARK
ATTORNEY FOR DEFENDANT
704 West 9th street
Austin, Texas 78701
Tel. No. (512) 478-1860
State Bar No. 19063300

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the above and forgoing Defendant's Motion for Continuance has been delivered by electronic means to Grant Sparks, Assistant United States Attorney, 1000 Frost Bank Plaza, 816 Congress, Austin, Texas 78701 on this 18th day of October, 2011.

_____
JOHN NATHAN STARK

# LETTER OF INTENT

2871

This Letter of Intent is being entered into this ~28th~ day of September, 2011, by and between Lourdes R. Massa, DDS and Gary R. Massa, DDS (hereinafter referred to as "Buyer") and Michael McCarty, DDS as an individual (hereinafter referred to as "Seller").

This Letter of Intent serves as a preliminary outline between Buyer and Seller. Their legal and financial advisors may be guided by this outline of basic areas of agreement when drafting and/or approving a comprehensive agreement for the purchase and sale of Seller's dental practice assets (the "Practice Assets") and related contracts, agreements and documents necessary to conclude the sale of the Practice Assets. This Letter of Intent is non-binding, except for the provisions specifically indicated, and is conditional on both agreeing to all the terms and conditions of a final agreement for the purchase and sale of the professional practice and real property.

PRACTICE SALE TERMS AND CONDITIONS

1. PURCHASE PRICE:

The total purchase price for the Practice Assets located at 6500 N. Mopac Rd., Building II, Suite 2204, Austin TX 78731 (the "Premises") described shall be Six Hundred Fifty Thousand and No/100 Dollars ($650,000.00), to be paid to Seller. The allocation of the purchase price is to be mutually agreed upon by the parties prior to the closing and included in the final purchase agreement. This provision shall be binding on both parties.

2. ASSETS TO BE SOLD:
Included in the purchase price of the Practice Assets are all tangible and intangible assets currently owned and/or leased by the Seller and used in the dental practice ("Practice") located at 6500 N. Mopac Rd., Building II, Suite 2204, Austin TX 78731, including equipment, furniture, fixtures, goodwill, office supplies, medications, trade names, work-in-progress, Seller's covenant not to compete and covenant not to solicit, vendor lists, telephone numbers, facsimile number, copies of business records (related to sales, vendors), custodial transfer of patient charts, computer software and licensing and web site. All furniture, fixtures and equipment, present in the office as of 9-24-11, including the CEREC machine are included in the purchase price, with the exception of those items specifically listed in item 3 as assets excluded from sale. A list of included Practice Assets will be described as "Exhibit A" and be provided within Twenty One (21) days from acceptance of this Letter of Intent which shall be made a part of the final purchase agreement. Title to all Practice Assets conveyed to Buyer will be free of any liens and encumbrances.

Buyer has Forty Five (45) days following acceptance of this Letter of Intent to complete any inspection of the Practice Assets and to give Seller written notice of any objection to the same. If Buyer fails to deliver to Seller, Buyer's written objections within such time, Buyer will be deemed to have waived Buyer's right to object to the same. Seller, at Seller's sole expense, shall repair such asset in need of repair to working condition. Buyer will be given the opportunity to re-inspect the premises and all assets to be transferred to be satisfied that the assets are on the premises and in working condition at least one (1) week prior to closing.

11145/00000/00162576.1                          1                                    9/28/11

**3. ASSETS EXCLUDED FROM SALE:**
Not included in the Purchase Price are all the cash assets, accounts receivable, notes and pension and profit-sharing plans, corporate stock, rented gas machines and tanks, automobiles, real estate and Seller's personal diplomas, the two "Hill Country" Paintings, and the marble top table located in the waiting room.

**4. PROPOSED TIME LINE FOR CLOSING:**
- Letter of Intent to be accepted by all parties on or before 5:00 pm CST, September 28, 2011.
- Due diligence to be completed within Forty Five (45) days from acceptance.
- Buyer has Forty Five (45) days to secure a commitment for financing.
- Re-inspection of Practice Assets shall occur one (1) week prior to close of sale transaction.
- Final purchase agreement to be signed within Fifty (50) days from acceptance of this Letter of Intent.
- Closing is to take place on December 1, 2011. The closing date may be extended upon mutual written consent of both parties.

**5. DUE DILIGENCE:**
Buyer has Forty Five (45) days to complete any due diligence which would include satisfactory evaluation and verification of financial statements, accounting and tax returns, inspection and inventory of equipment, supplies, and other assets of practice. Seller agrees to cooperate with Buyer and its advisors during the due diligence investigation and agrees to provide Buyer the opportunity to inspect the practice at a time mutually convenient to the parties so as not to interrupt the normal day to day operations of the Practice.

[handwritten: Initial / MP / JW / MPM / JW] [handwritten: and Agreed upon By The Parties.]

**6. REAL PROPERTY TO PURCHASE:** This sale transaction is contingent upon Buyer entering into an Earnest Money Contract to purchase the building/land located at 6500 N. Mopac Rd., Building II, Suite 2204, Austin, TX 78731 within Fifty (50) days from acceptance. The purchase price shall be based on Buyer's lender's appraised value. Buyer will provide Professional Appraisal of Condominium suite approved by Buyer's lender as soon as possible, and the closing of Practice and real estate shall be contingent on the ~~simultaneous~~ closing of both transactions. This provision shall be binding on both parties.

**7. PRACTICE EXPENSES:**
Seller shall continue to operate the Practice in the ordinary course of business. Seller shall pay all expenses associated with the normal operation of the Practice until the date of closing, including but not limited to, rent, salaries and wages including all employment taxes, laboratory expenses, clinical and office supplies, insurance, malpractice insurance, taxes, telephone and utilities. These operating expenses may be prorated between Buyer and Seller and will be defined in the final purchase agreement.

**8. ACCOUNTS RECEIVABLE:**
Seller's accounts receivable are not being transferred to Buyer as part of this transaction.

**9. TRANSITION:**
Seller will assist Buyer with the practice transition and consultation, without cost to Buyer, on dental administration within the scope of operation for a period to be mutually agreed to by the parties.

**10. RESTRICTIVE COVENANT:**

[handwritten signatures and date: 9/28/11]

Seller agrees to a restrictive covenant and will not directly or indirectly engage in administering or providing dental services within a 50-mile radius of the Premises in the Austin, Texas area, for five (5) years following closing. . Seller further agrees not to solicit, divert, or in any way encourage patients or employees to leave the Practice after sale.

**11. DOCUMENT PREPARATION AND ASSOCIATED EXPENSES:**
Each party agrees to employ their own independent legal and financial advisors and to be responsible for their respective expenses whether or not the transaction is completed and the closing takes place. This provision shall be binding upon both parties.

**12. PRACTICE LIABILITY:**
Seller assumes all liability for the operation of Practice prior to Closing.

**13. NON-DISCLOSURE AND EXCLUSIVITY AGREEMENT:**
The parties agree not to divulge or disclose to anyone other than their advisors for any purpose whatsoever, information obtained concerning patient records, financial records or information about the Practice, Buyer or Seller, the operational methods of the Practice or the terms and conditions of this Letter of Intent or final purchase agreement.

Seller agrees to enter into exclusive negotiations with the Buyer until December 1, 2011 and agrees not to negotiate or enter into any discussion with any other party in an attempt to sell the Practice to another party until such date. In the event Buyer fails to enter into a definitive agreement by such date, the exclusivity shall expire on December 1, 2011. This provision shall be binding on both parties.

**14. ASSIGNMENT:**
This Letter of Intent is not assignable by either party without the advanced written consent of the other party. However, Buyer may assign this Letter of Intent to a professional corporation to be formed by Buyer.

This Letter of Intent will remain open for the Seller's acceptance through September 28, 2011.

By signing this Letter of Intent, Seller accepts the forgoing offer from Buyer and agrees to sell the dental Practice with associated assets and real property described herein on the terms and conditions set forth.

FOR THE BUYER:

_____     9-28-11
LOURDES R. MASSA, DMD, DDS            Date

_____     9-28-11
GARY R. MASSA, DDS, MSD               Date

FOR THE SELLER:

_____     9/28/2011
MICHAEL McCARTY, DDS                  Date

11145/00000/00162576-1         3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | NO. AU: 11-CR-00507(1)SS |
| | § | |
| MICHAEL PAUL McCARTY | § | |

### ORDER

Came this day for consideration, Defendant Michael Paul McCarty's Motion for Continuance. The Court having considered the Motion is of the opinion that it should be **GRANTED / DENIED** and this case is hereby set for sentencing on _____ day of _____, _____.

**SIGNED** this _____ day of October, 2011.

_____
**UNITED STATES DISTRICT JUDGE**